IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES LUIS AVALOS, AIS 258630,   :

    Petitioner,   :

vs.   :   CA 10-0595-WS-C

JAMES MULLINS,   :

    Respondent.

### REPORT AND RECOMMENDATION

Petitioner, an inmate at Perry County Correctional Center in the Southern District of Alabama, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1) together with a motion to proceed without prepayment of fees (Doc. 2). The petition avers that Avalos is challenging the validity of his 2008 methamphetamine trafficking conviction out of the Circuit Court of Jefferson County, Alabama. (Doc. 1, at 2) Jefferson County, Alabama is located in the Northern District of Alabama.

28 U.S.C. § 2241(d) confers concurrent jurisdiction over habeas corpus petitions upon the districts of confinement and conviction. Because Avalos is incarcerated in the Southern District of Alabama at the Perry County Correctional Center in Uniontown, Alabama, this Court has concurrent jurisdiction over this action with the United States District Court for the Northern District of Alabama. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-1132, 35 L.Ed.2d 443

(1973). However, pursuant to § 2241(d), this Court may transfer this action "in the exercise of its discretion and in furtherance of justice[.]" It is clear that transfer of this case is warranted not only because the United States District Court for the Northern District of Alabama is more familiar with state courts within its district but also because, in the event an evidentiary hearing becomes necessary, it would be the more convenient forum. *Cf. Wright v. Indiana*, 263 Fed.Appx. 794, 795 (11th Cir. 2008) ("'The most convenient forum will often be the district in the state whose conviction is being attacked, and a transfer of the case to that district is permissible, but not required.'").

Based upon the foregoing, it is recommended that, in the furtherance of justice, this action be transferred to the United States District Court for the Northern District of Alabama for all further proceedings.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 29th day of October, 2010.

                         s/WILLIAM E. CASSADY
                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).